UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DUSTIN ROSS KELLEY,

                 Petitioner,

     v.

RONALD FRAKER.

                 Respondent.

CASE NO. C12-5993 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
MAY 31, 2013

      The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

      The Court recommends denial of the petition. Petitioner's argument that double jeopardy prevents sentencing enhancements for use of firearms in the underlying crime is directly contradicted by United States Supreme Court precedent. Petitioner's argument that the evidence is insufficient is without merit. The evidence the prosecution presented at trial included eyewitnesses who provided positive identification of petitioner as the person who committed the

crimes. Further, petitioner fails to show that trial counsel's performance was ineffective. Counsel hired a private investigator who tried to corroborate petitioner's alibi claim, but the potential witnesses did not come forward and did not cooperate. Petitioner fails to show that counsel was ineffective in failing to suppress petitioner's statements to the police.

<u>BASIS FOR CUSTODY AND SENTENCE</u>

A Pierce County jury found petitioner guilty of first degree murder, second degree assault, and unlawful possession of a firearm (ECF No. 11, Exhibit 1). The Pierce County Superior Court sentenced petitioner to 524 months on the murder conviction, 60 months on the unlawful possession of a firearm, and 48 months for second degree assault with the sentences running concurrently (ECF No. 11, Exhibit 1). The trial court imposed multiple sentence enhancements for use of a firearm in the murder and the assault. The enhancements result in the trial adding 192 months to the sentence. Thus, the total conviction time is 716 months. Petitioner is in state custody.

<u>FACTS</u>

The Washington State Court of Appeals summarized the facts underlying the convictions as follows:

I. CRIMES

On February 22, 2006, at about 5:30 P.M., Beau Pearson was visiting his friend Klaus Stearns in Stearns's mother's backyard trailer. Pearson had brought his friend Valerie Greenfield to "hang out" in the trailer with Stearns, and Stearns's friend, Kelly Kowalski. Stearns's mother, Petra Scholl, paged him to talk about his day. Stearns left the trailer and went into his mother's house to speak with her.
While Stearns was gone, Dustin Kelley parked a blue Acura in the alley behind Scholl's house and trailer, went into the trailer, confronted Pearson, who was sitting on the bed with Greenfield, and asked Pearson if he had been shot before. Kelley then walked to the trailer door, turned around, drew out two guns, walked back to Pearson, and said, "I smoke you and your bitch, too." Report of Proceedings (Nov. 16, 2006) at 609.

1   Pearson turned to Greenfield, told her he was sorry, and pushed her out of
2   the way. Kelley then shot Pearson at least eight times, left the trailer, and went
    through the property's back gate. Pearson's gunshot wounds were immediately
    fatal.

3           After hearing the gunshots and watching Kelley leave the trailer, Stearns
    saw Greenfield come out of the trailer with a "zombied out" look and walk past
4   him without making eye contact. Kowalski also came out of the trailer acting
    "very upset." Stearns went into the trailer and found Pearson slumped forward on
5   the bed. After checking to see if Pearson was alive, Stearns called 911.

            Officers arrived at the scene, took statements from the witnesses, and
6   collected evidence. In the blue Acura that Kelley had left parked in the alley, an
    officer found a magazine clip of .45 caliber rounds, which matched bullets found
7   in the trailer and in Pearson's body.

8                                    II. PROCEDURE

9           The State charged Kelley with first degree murder, second degree
    unlawful firearm possession, and second degree assault. The State also alleged
10  firearm sentence enhancements for the first degree murder and second degree
    assault charges.

11
                                        A. Trial
12
13          At trial, Stearns, Scholl, Greenfield, Kowalski, law enforcement officers, a
    forensic scientist, and the county's medical examiner testified for the State.
14  Detective Robert Yerbury testified that he had interviewed Kelley's girl friend,
    Molly Matlock, on the day of the murder. Matlock had told him that (1) Kelley's
15  drug use was "[c]asual"; (2) Kelley appeared "pretty serious" the day of the
    murder; (3) Kelley did not appear under the influence of drugs on the day of the
16  murder; and (4) on the day of the murder, Kelley had told Matlock that he was
    going to confront someone about his brother's missing stereo equipment.

17          Matlock testified for the defense that (1) Kelley had been using
    methamphetamine during the two weeks before the murder; (2) Kelley's behavior
18  before the murder was "[n]othing out of the ordinary"; (3) Kelley sometimes
    carried a gun; and (4) Kelley was "pretty clear-headed."

19          Kelley proposed a voluntary intoxication jury instruction, but the trial
    court declined to give it because there had been no evidence that Kelley was
20  intoxicated at the time of the shooting. Kelley's counsel did not propose a
    diminished capacity jury instruction.

21          The jury found Kelley guilty as charged and returned special verdicts
    finding that Kelley had committed premeditated first degree murder and second
22  degree assault while armed with a deadly weapon.

23

24

1

B. Sentencing

2

   The trial court sentenced Kelley to a standard range sentence of 524
months of confinement for his first degree murder conviction, 60 months for his

3

unlawful firearm possession conviction, and 48 months for his second degree
assault conviction, all to run concurrently. The trial court also imposed firearm

4

sentence enhancements of 192 months to run [. . .] consecutively to the sentences
for Kelley's first degree murder and second degree assault convictions.

5

(ECF No. 11, Exhibit 2).

6

PROCEDURAL HISTORY

7

   Petitioner filed a direct appeal and the Washington State Court of Appeals affirmed the

8

conviction (ECF No. 11, Exhibits 2 and 4). Petitioner sought discretionary review (ECF No. 11,

9

Exhibit 5). Petitioner argued to the Washington State Supreme Court that when the underlying

10

offense is elevated because a handgun is used imposing a firearm enhancement violates the

11

double jeopardy clause of the Fifth Amendment (ECF No. 11, Exhibit 5, page 1). Petitioner

12

abandoned all other claims in his direct appeal by not raising them.

13

   The Washington State Supreme Court granted review (ECF No. 11, Exhibit 6). The

14

Washington State Supreme Court affirmed the conviction and sentence in a published opinion

15

(ECF No. 11, Exhibit 8). *State v. Kelley*, 168 Wn.2d 72, 226 P.3d 773 (2010).

16

   Petitioner filed a timely collateral challenge to his conviction and sentence (ECF No. 11,

17

Exhibit 11). The Washington State Court of Appeals denied review and petitioner sought

18

discretionary review with the Washington State Supreme Court (ECF No. 11, Exhibits 14 and

19

15).

20

   Petitioner presented three issues for discretionary review:

21

22

   1.     Fourteenth Amendment Due Process Clause Claim: Insufficiency of the
Evidence and Innocence.

23

   2.     Sixth and Fourteenth Amendment Ineffective Assistance of Counsel Claim
– Failure to Investigate and Present Alibi Defense.

24

REPORT AND RECOMMENDATION - 4

3.      Sixth and Fourteenth Amendment Ineffective Assistance of Counsel Claim – Failure to Seek Suppression of Petitioner's Alleged Statements to Police on Right to Counsel Grounds.

(ECF No. 11, Exhibit 15). The Washington State Supreme Court Commissioner denied review (ECF No. 11, Exhibit 18). Petitioner filed a motion that the Washington State Supreme Court addressed as a motion to modify the commissioner's ruling (ECF No. 11, Exhibits 18 and 19). The Washington State Supreme Court denied review (ECF No. 11, Exhibit 20).

Petitioner raises four grounds for relief in his habeas corpus petition. Petitioner argues that:

1.      The Firearm Sentence Enhancement violated the Fifth Amendment Double Jeopardy Clause, United States Constitution.

2.      The evidence was insufficient to convict Mr. Kelley. His rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution were violated. The Petition should be granted due to Mr. Kelley's innocence.

3.      That defense counsel was ineffective for failure to investigate and present Mr. Kelley's alibi defense. Petitioner's conviction was obtained in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

4.      Petitioner's trial counsel was ineffective for failure to seek suppression of petitioner's alleged statements to police on right to counsel grounds.

(ECF No. 1). Respondent concedes that these four grounds for relief are exhausted. (ECF No. 10, page 6).

<u>STANDARD OF REVIEW</u>

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Engle v. Isaac*, 456 U.S. 107 (1983). 28 U.S.C. § 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [petitioner] is in custody in violation of the constitution or law or treaties of the United

1    States." 28 U.S.C. § 2254(a) (1995). The Supreme Court has stated many times that federal

2    habeas corpus relief does not lie for mere errors of state law. *Estelle v. McGuire*, 502 U.S. 62

3    (1991); *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

4          A habeas corpus petition shall not be granted with respect to any claim adjudicated on the

5    merits in the state courts unless the adjudication either: (1) resulted in a decision that was

6    contrary to, or involved an unreasonable application of, clearly established federal law, as

7    determined by the Supreme Court; or (2) resulted in a decision that was based on an

8    unreasonable determination of the facts in light of the evidence presented to the state courts. 28

9    U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed

10   correct, and the applicant has the burden of rebutting the presumption of correctness by clear and

11   convincing evidence. 28 U.S.C. §2254(e)(1).

12   <u>EVIDENTIARY HEARING</u>

13         Evidentiary hearings are not usually necessary in a habeas case proceeding. According to

14   28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to

15   develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim

16   relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by

17   the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that

18   could not have been previously discovered through the exercise of due diligence; and (B) the

19   facts underlying the claim would be sufficient to establish by clear and convincing evidence that

20   but for constitutional error, no reasonable fact finder would have found the applicant guilty of the

21   underlying offense.  28 U.S.C. §2254(e)(2) (1996).

22         Petitioner's claims rely on established rules of constitutional law. Further, there are no

23   factual issues that could not have been previously discovered by due diligence. Finally, the facts

24

REPORT AND RECOMMENDATION - 6

1   underlying petitioner's claims are insufficient to establish that no rational fact finder would have

2   found him guilty of the crime. Therefore, this Court concludes that an evidentiary hearing is not

3   necessary to decide this case.

4   <u>DISCUSSION</u>

5   A.   Double Jeopardy.

6   Petitioner argues that the firearm enhancements violate the double jeopardy clause of the

7   Fifth Amendment (ECF No. 1, page 5).

8   The double jeopardy clause of the Fifth Amendment prohibits a second prosecution for

9   the same offense after acquittal, a second prosecution for the same offense after conviction, and

10   multiple "punishments" for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717

11   (1969). If the same act or transaction constitutes a violation of two distinct statutory provisions,

12   the test to be applied to determine whether there are two offenses or only one, is whether each

13   provision requires proof of a fact which the other does not. *Blockburger v. United States*, 284

14   U.S. 299, 304 (1932).

15   The United States Supreme Court has addressed sentence enhancements and stated that

16   sentence enhancements do not violate double jeopardy because they only act to increase a

17   sentence "because of the manner in which the defendant committed the crime of conviction.

18   *Monge v. California,* 524 U.S. 721, 728 (1998). Thus, the Washington State Supreme Court's

19   ruling affirming the sentence follows controlling federal precedent (ECF No. 11, Exhibit 8).

20   The standard of review imposed in 28 U.S.C. 2254(d), precludes the district court from

21   granting any relief on this issue. The rulings of the state courts are not contrary to or an

22   unreasonable application of clearly established federal law. The Court recommends denial of this

23   ground for relief.

24

1       B.     Sufficiency of the evidence.

2       In his personal restraint petition, petitioner submitted affidavits from persons who did not

3 testify at his trial. Petitioner used these affidavits in an attempt to raise an alibi defense (ECF No.

4 11, Exhibit 11). Petitioner also claimed in his personal restraint petition that another person,

5 Mike Price, admitted to committing the crimes. Petitioner submitted no evidence supporting this

6 claim and Mike Price is dead.

7       Evidence is sufficient to support a criminal conviction if the record reasonably supports a

8 finding of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 320 (1979).

9 "[T]he question is whether, after reviewing the evidence in the light most favorable to the

10 prosecution, *any* rational trier of fact could have found the essential elements of the crime

11 beyond a reasonable doubt." *Id*. at 319 (*citing Johnson v. Louisiana*, 406 U.S. 356, 362 (1972))

12 (emphasis in original).

13       The Washington State Court of Appeals considered petitioner's claims and held:

14       Kelley's insufficiency and innocence claims rest on three declarations he
submits with his petition. In these declarations, he and two of his friends state that
15 on the date of the murder, he was at another friend's house in the afternoon.
Kelley states that he left the house in the early evening, while his friends state in
16 identical language that he came over to visit in the afternoon and "was there for
several hours, in the afternoon and I believe into the early evening." Petition,
17 Exhibits B and C. Kelley adds in his petition that someone else has confessed to
the murder and that he expects to present this court with the declaration of a
18 witness to the confession. Kelley has not yet submitted that declaration.

19       Kelley's declarations contradict the testimony of three eyewitnesses who
placed him at the murder scene at the time of the fatal shooting or shortly before.
20 RP 540, 559-62, 578. Two of these witnesses were acquaintances, but one was a
neighbor who saw Kelley clearly at the scene and recognized him in court partly
21 because of a large tattoo on the front of his neck. RP 559, 564-56. Moreover, his
girlfriend told officers that Kelley left her house at noon on the day of the murder
22 and went to property where the shooting occurred. RP 784, 812. When viewed in
the light most favorable to the State, this evidence is more than sufficient to
23 support the defendant's convictions. *See In re Martinez*, 171 Wn.2d at 364 (claim
of insufficiency admits truth of State's evidence and all inferences that reasonably

24

can be drawn therefrom). The declarations Kelley submits are simply insufficient to overcome the considerable evidence of guilt admitted at trial or even to warrant a reference hearing. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (version of events that is blatantly contradicted by record does not raise genuine issue of material fact); *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886-87 (only existence of material disputed issues of fact will justify evidentiary hearing).

(ECF No. 11, Exhibit 14, pages 2-3).

Petitioner filed a motion for discretionary review after the Washington State Court of Appeals denied his personal restraint petition (ECF No. 11, Exhibit 16). Petitioner attempted to place the affidavit of Greg Whitney before the Washington State Supreme Court. (ECF No. 11, Exhibit 16). Mr. Whitney claimed that Mike Price had confessed to committing the murder. *Id*. The Washington State Supreme Court noted that the affidavit of Whitney was inadmissible because it had not been presented to the Washington State Court of Appeals (ECF No. 11, Exhibit 17). The Court considered the evidence that was presented at trial and determined it was more than sufficient to support the findings of guilt. The evidence included the testimony of two eyewitnesses who knew petitioner and identified him as being the person who committed the crimes. One of these two people saw petitioner enter the trailer where the shooting and assault occurred and another person "was only a few feet away when the fatal shots were fired." (ECF No. 11, Exhibit 17, page 1-2). A third eye witness, a neighbor, saw petitioner arrive shortly before the murder and assault. The neighbor saw what car petitioner was driving and the neighbor recognized petitioner in court, in part, because of a very distinctive tattoo on petitioner's neck. Further, the police found bullets in the car matching the bullets in the body of the victim (ECF No. 11, Exhibit 17, page 2). Finally, petitioner made spontaneous statements to the police indicating guilt and an intent to flee the country (ECF No. 11, Exhibit 17, page 2). Given this evidence the Court concludes that state court rulings are well founded and properly

1  apply clearly established federal law on the issue. The Court recommends denial of this ground

2  for relief.

3          C.       Ineffective assistance of counsel claims.

4          On direct appeal, petitioner alleged that counsel was ineffective for not presenting

5  evidence of mental illness (ECF No. 11, Exhibit 3, page ii). The claim was not raised in the

6  motion for discretionary review to the Washington State Supreme Court and it is an unexhausted

7  claim (ECF No. 11, Exhibit 5).

8          In petitioner's personal restraint petition petitioner raised two ineffective assistance of

9  counsel claims that are different from the one raised on direct appeal (ECF No. 11, Exhibit 11,

10 page i). Petitioner argued that counsel was ineffective in failing to investigate the alibi defense.

11 Petitioner also argued that counsel was ineffective in failing to seek suppression of the

12 statements petitioner made to the police. *Id.*

13         The Washington State Court of Appeals refused to consider the claims on the merits

14 (ECF No. 11, Exhibit 14, page 3). The Washington State Court of Appeals found the claims were

15 procedurally barred because petitioner had raised an ineffective assistance of counsel claim on

16 direct appeal, petitioner had the opportunity to raise these claims, and petitioner did not do so. *Id.*

17         The Washington State Supreme Court also found that petitioner's claims were

18 procedurally barred, but, the Washington State Supreme Court addressed the claims on the

19 merits and stated:

20             In any event, to establish ineffective assistance of counsel, Mr. Kelley
               must demonstrate both deficient performance and resulting prejudice. *State v.*
21         *McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). As indicated above,
           Mr. Kelly fails to present valid newly discovered evidence, and Mr. Whitley's
22         uncorroborated declaration is insufficient. Moreover, Mr. Kelley's alibi claim
           lacks credibility in light of the declaration of defense counsel and the deputy
23         prosecutor and the record on appeal, which clearly indicate that the case was
           thoroughly investigated by both the State and the defense team. No alibi witness

24

REPORT AND RECOMMENDATION - 10

1    could be found at that time, and Mr. Kelley does not show that defense counsel
     could have found a credible alibi witness before trial.

2            As for suppression of Mr. Kelley's statements to police, the trial court
     conducted a CrR 3.5 suppression hearing and issued findings of fact and

3    conclusions finding that the statements were not the product of police
     interrogation. Nothing in the record indicates that a more vigorous performance

4    by defense counsel could have persuaded the trial court to grant the suppression
     motion. *See McFarland*, 127 Wn.2d at 335 (petitioner must show reasonable

5    probability that absent counsel's deficiencies result would have been different).

6    (ECF No. 11, Exhibit 17, page 4).

7            Respondent does not argue that petitioner's claims are procedural barred. Respondent

8    addresses petitioner's claims on the merits (ECF No. 10, pages 20-26). The Court reviews the

9    holding of the Washington State Supreme Court to determine if it either: (1) resulted in a

10   decision that was contrary to, or involved an unreasonable application of, clearly established

11   federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on

12   an unreasonable determination of the facts in light of the evidence presented to the state courts.

13   28 U.S.C. §2254(d).

14           The Washington State Supreme Court articulated and applied the proper legal standard

15   for an ineffective assistance of counsel claim. *State v. McFarland*, 127 Wn.2d 322, 334-359

16   (1995) (*citing Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Further, the facts relied on

17   by the Washington State Supreme Court are in the record and their decision is well supported

18   and reasonable. Defense counsel's declaration stating that a private investigator was hired and

19   conducted a thorough investigation is attached as an Appendix to the response to petitioner's

20   personal restraint petition (ECF No. 11, Exhibit 12, appendix B). The declaration of the deputy

21   prosecutor stating that no alibi witnesses came forward or were found during the state's

22   investigation is also before the Court (ECF No. 11, Exhibit 12, appendix C, page 2 ¶ 5). The

23   findings of fact and conclusions of law from petitioner's suppression hearing are before the

24

REPORT AND RECOMMENDATION - 11

1    Court (ECF No. 11, Exhibit 12, Appendix D). The trial court found that officers transporting

2    petitioner from California did not question him because petitioner had stated he wanted an

3    attorney. Plaintiff statements to the officers that he was: "going away for life"; "was attempting

4    to get to Mexico," and "that he had hired a 'mule'" to take him across the border to Mexico were

5    spontaneous and not the result of any in custody interrogation. *Id.*

6        Petitioner fails to show the decision of the Washington State Supreme Court is improper.

7    The Court recommends denial of this habeas corpus petition.

8                        <u>CERTIFICATE OF APPEALABILITY</u>

9        Petitioners seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district

10   court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

11   (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner

12   has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §

13   2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could

14   disagree with the district court's resolution of his constitutional claims or that jurists could

15   conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-*

16   *El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

17   Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of

18   appealability with respect to this petition.

19       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

20   fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

21   6. Failure to file objections will result in a waiver of those objections for purposes of de novo

22   review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

23

24

REPORT AND RECOMMENDATION - 12

1    imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May

2    31, 2013, as noted in the caption.

3            Dated this 29th day of April, 2013.

4

5

6    _____
     J. Richard Creatura
7    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24